UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER GAIR HARRINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>    Defendants. | Case No. 26-cv-01889-JST<br><br>**ORDER ON APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 4 |

Before the Court is Petitioner Spencer Gair Harrington's application for a temporary restraining order and order to show cause why a preliminary injunction should not issue. ECF No. 4. The application for a temporary restraining order is denied, but the application for an order to show cause is granted.

Harrington, a citizen of Canada, has resided in the United States since 2019. ECF No. 1 ¶ 1. His declaration states that he was arrested on December 18, 2025 at an interview with the U.S. Citizenship and Immigration Services for his green card application, which is based on his marriage to a U.S. citizen. *Id*. ¶¶ 1–2. Harrington remained detained until he was released on bond by an immigration judge ("IJ") on February 3, 2026, who found that he posed neither a flight risk nor a danger to the community and ordered no additional restrictions or monitoring. *Id*. ¶ 3. Nonetheless, Immigration and Customs Enforcement ("ICE") placed an ankle monitor on Harrington and placed him in its Intensive Supervision Appearance Program ("ISAP"). *Id*. ¶ 4.

Harrington filed a habeas petition on March 4, 2026, and the instant application on March 6, 2026, arguing that the ankle monitor and intensive supervision violate his Fifth Amendment Due Process rights because they were imposed despite the IJ's determination that Harrington did not pose a flight risk or danger to the community. ECF Nos. 1, 4. Harrington "attests that the

1   monitor is causing chafing, pain and mental and physical harm." ECF No. 4 at 13; ECF No. 4-3
2   ¶¶ 14–18; *see also* ECF No. 4-1 ¶ 9; ECF No. 4-2 at 2.
3         Respondents filed an opposition on March 7, 2026. ECF No. 5. They argue that the record
4   is unclear as to whether the IJ found that Harrington was a flight risk, *id*. at 8, and that Harrington
5   has failed to satisfy the four factors for preliminary relief under *Winter v. Nat. Res. Def. Council,*
6   *Inc.*, 555 U.S. 7, 20 (2008), *id*. at 8–11. Respondents also aver that preliminary relief is always
7   inappropriate in habeas cases because the only relief available is the ultimate relief sought—
8   release from custody—and "judgment on the merits in the guise of preliminary relief is a highly
9   inappropriate result." *Id*. at 12–13 (quoting *Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th
10  Cir. 1992)). Finally, the opposition requests "a reasonable briefing schedule so that Respondents'
11  counsel may review agency records and adequately prepare their response." *Id*. at 13.
12        Under Federal Rule of Civil Procedure 65, the court may issue a temporary restraining
13  order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and
14  irreparable injury, loss, or damage will result to the movant before the adverse party can be heard
15  in opposition" and "the movant's attorney certified in writing any efforts made to give notice and
16  the reasons why it should not be required." Fed. R. Civ. P. 65(b).
17        Harrington submitted a declaration from his counsel stating that notice was provided to
18  counsel for the respondents on March 6, 2026. ECF No. 4-1 ¶ 10. However, he has not shown
19  that an "immediate threatened injury" would result from the absence of a temporary restraining
20  order. *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988); *see also JLt*
21  *Specialty Ins. Servs., Inc. v. Pestana*, No. 19-CV-02427-MMC, 2019 WL 13222316, at *1 (N.D.
22  Cal. May 24, 2019) (citing *Caribbean Marine* and denying application for temporary restraining
23  order). "[U]nder such circumstances, [the Court] finds it more appropriate to hear the matter at a
24  time when both parties have had the opportunity to fully and appropriately brief the matter." *JLt*
25  *Speciality Ins. Servs.*, 2019 WL 13222316, at *1.
26        The application for a temporary restraining order is therefore denied without prejudice.
27  Respondents are hereby ordered to show cause by March 12, 2026 why a preliminary injunction
28  should not issue pending a final disposition of this matter, by filing a brief to that effect or

1   notifying the Court that they intend their opposition to the application for a TRO to serve as their
2   response to the OSC.  Harrington may file a reply in support of his request for a preliminary
3   injunction by March 16, 2026.  The Court will hold a hearing on the motion for a preliminary
4   injunction by Zoom webinar on Monday, March 23, 2026 at 2:00 p.m.

5   **IT IS SO ORDERED.**

6   Dated:  March 9, 2026



JON S. TIGAR
United States District Judge